**Ronald L. DURKIN, Appellant,**

v.

**SHEA & GOULD, Appellee.**

**No. 97 Civ. 8879 AGS.**

United States District Court,
S.D. New York.

Dec. 4, 1997.

Steven Cooper, Todd D. Ribichaud, Arthur S. Olick, Anderson, Kill & Olick, P.C., New York City, for appellant.

Mark Kirshner, Jones, Day, Reavis & Pogue, New York City, for appellee.

## ORDER

SCHWARTZ, District Judge.

Appellant Ronald L. Durkin appeals from a decision of the United States Bankruptcy Court for the Southern District of New York (Garrity, J.) dated October 24, 1997, denying his motion to dismiss this Chapter 11 case. Procedurally, this action came before us in the form of Durkin's emergency motion for an order expediting his appeal and certifying the question to the Second Circuit. This Court heard oral argument on the emergency motion on December 2, 1997, and we now deny that motion in its entirety.

Appeals from Bankruptcy Court orders are governed by 28 U.S.C. § 158. Section 158(a)(2) provides for appeal as of right to the District Court of certain interlocutory orders not here relevant. Section 158(a)(3) provides for appeals to the District Court of all other interlocutory orders, but only with leave of the Court. We will treat Durkin's emergency motion as a motion for leave to accept an appeal of Judge Garrity's interlocutory order. We accept the appeal and, accordingly, the Court's decision herein reaches the merits of the Debtors' appeal.[1]

This Court has carefully considered the record below and has reviewed the Bankruptcy Court's findings of fact under the clearly erroneous standard, and the Bankruptcy Court's conclusions of law de novo. *Shugrue v. Air Line Pilots Ass'n. Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988–89 (2d Cir.1990). The Bankruptcy Court's findings of fact are not clearly erroneous. Further, after *de novo* review this Court has determined that the Bankruptcy Court's conclusions of law are correct.

The Court agrees with and adopts the Bankruptcy Court's decision.

## CONCLUSION

For the reasons set forth above, the Bankruptcy Court's decision is affirmed, and the appeal is dismissed.

SO ORDERED.

1. The proper procedure after a grant of leave to appeal is for the action to be returned to the Clerk of Court for random assignment to a judge to rule on the merits. In the instant case, the parties have agreed to have the case remain with this Court.